# Commonwealth, Appellant, *v.* Lorain Steel Company.

*Taxation—Manufacturing corporation—Foreign corporation—Ownership of stock.*

A Pennsylvania manufacturing corporation whose stock is owned in its entirety by a foreign corporation is not required to pay a tax on its capital stock in Pennsylvania.

Argued June 3, 1902. Appeals, Nos. 24 and 25, May T., 1902, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket, Nos. 303 and 304, on appeal, from tax settlement, in case of Commonwealth v. Lorain Steel Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Appeal from tax settlement.

The case was tried without a jury under the act of April 22, 1874.

SIMONTON, P. J., filed the following opinion:

1. Defendant is a corporation of the state of Pennsylvania, chartered in 1893, under the name of the Johnson Company,

which was by law changed to the Lorain Steel Company in the year 1899. It has an authorized capital of $4,000,000, and a paid up capital of $3,000,000. It was organized for "the manufacture of any metal or article made from any metal or wood," and during the tax years was engaged in the manufacture of general materials for railways at Johnstown, Pennsylvania.

2. In accordance with law the officers of defendant made and returned to the auditor general reports and appraisements of its capital stock for the tax years 1899 and 1900, appraising its capital stock for each year at $3,000,000, and claiming exemption from taxation on the ground that it is a manufacturing corporation, and that all its capital stock was invested in and actually and exclusively employed in manufacturing within the state, and we find this to be the fact.

3. All of the capital stock of defendant is owned by the Federal Steel Company, a corporation foreign to Pennsylvania, and the auditor general and state treasurer for this reason declined to exempt the capital stock of defendant from taxation and instead settled an account against it on the $3,000,000 appraised value of its capital stock for each of the tax years, from which settlements defendant appealed.

The only ground upon which it is claimed that defendant's capital stock is subject to taxation is the ownership of the stock by a foreign corporation. We do not think there is any difference in principle between the cases where a foreign corporation is the owner of the capital stock of a domestic corporation and the cases where it is the lessee of such a corporation, and, therefore, for the reasons given in the opinions filed in Commonwealth v. Cambria Iron Company, 210 Commonwealth Docket, 1901, and Commonwealth v. American Car and Foundry Company, 229 Commonwealth Docket, 1901, we are of the opinion that the capital stock of defendant is exempt from taxation because it is invested in and actually and exclusively employed in manufacturing within the state.

Judgment is, therefore, directed to be entered in favor of defendant if exceptions be not filed within the time limited by law.

*Error assigned* was the judgment of the court.

*Frederic W. Fleitz*, deputy attorney general, with him *John P. Elkin*, attorney general, for appellant.

*James A. Stranahan* and *W. Horace Rose*, for appellee.

PER CURIAM, June 3, 1902:

Judgment affirmed on the opinion of the court below.